■ MARION BIRNBAUM, Appellant, v NEW YORK RACING ASSOCIATION, INC., Respondent. [869 NYS2d 222]—

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Yioves v T.J. Maxx, Inc.*, 29 AD3d 572, 572 [2006]; *see Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the

time when the plaintiff fell (*see Porco v Marshalls Dept. Stores*, 30 AD3d 284, 285 [2006]; *Feldmus v Ryan Food Corp.*, 29 AD3d 940, 941 [2006]; *Yioves v T.J. Maxx, Inc.*, 29 AD3d at 573; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d at 437; *Lorenzo v Plitt Theatres*, 267 AD2d 54, 56 [1999]). The defendant failed to satisfy its initial burden. The deposition testimony of the defendant's assistant cleaning manager merely referred to the subject racetrack's general daily cleaning practices. The assistant cleaning manager tendered no evidence regarding any particularized or specific inspection or stair-cleaning procedure in the area of the plaintiff's fall on the date of the accident.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers. Florio, J.P., McCarthy, Dickerson and Eng, JJ., concur.