■ ANTHONY SCHIANO, Respondent, v MIJUL, INC., et al., Appellants. [912 NYS2d 134]—

In an action to recover damages for personal injuries, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered June 5, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint, and (2) from an order of the same court entered October 20, 2009, which denied those branches of their motion which were for leave to renew and reargue that branch of their prior motion which was for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order entered October 20, 2009, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order entered June 5, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered October 20, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

After eating breakfast at the defendants' restaurant, the plaintiff allegedly sustained personal injuries when he slipped and fell on a greasy substance while walking through the "drive-thru" area outside the restaurant. The complaint alleged that the defendants negligently maintained the premises. After issue was joined, the defendants moved, inter alia, for summary judgment dismissing the complaint.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009], quoting *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511, 512). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-

599 [2008]). The defendants failed to satisfy their initial burden. The deposition testimony of the defendants' manager merely referred to the restaurant's general daily cleaning practices and provided no evidence regarding any particularized or specific inspection or cleaning procedure in the area of the plaintiff's fall on the date of the accident. Accordingly, it was proper for the Supreme Court to deny the defendants' motion for summary judgment regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Leave to renew is appropriate only when it is based on facts not known to the moving party at the time of the original motion (*see Carbajal v Bobo Robo, Inc.*, 38 AD3d 820 [2007]). Here, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was for leave to renew. In support of that branch of their motion, the defendants submitted an affidavit sworn to by Jose Galan, the restaurant's shift manager on the day of the occurrence. However, the defendants failed to demonstrate that they had undertaken diligent efforts to locate Galan prior to making the original motion (*id.*). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.