■ MARGARET GOODYEAR, Appellant, v PUTNAM/NORTHERN WESTCHESTER BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. [927 NYS2d 373]—

On the morning of July 7, 2006, the plaintiff was employed as a private nurse for a handicapped teenager who attended school at the defendant Pines Bridge Program, which is operated and managed by the defendant Putnam/Northern Westchester Board of Cooperative Educational Services. The plaintiff took her cli-

ent into a bathroom at the school, where he suffered a seizure. In the course of assisting him, the plaintiff allegedly fell and sustained injuries when she slipped on urine, which was on the floor of the bathroom before she and her client had entered.

The plaintiff commenced this action alleging, inter alia, that the defendants had actual or constructive notice of a hazardous condition and failed to remedy it. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion, determining that the defendants had established prima facie entitlement to judgment as a matter of law and the plaintiff had failed to raise a triable issue of fact. We reverse.

A defendant moving for summary judgment in a slip-and-fall case has the burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence (see *Arzu v County of Nassau*, 76 AD3d 1036 [2010]; *Perez v New York City Hous. Auth.*, 75 AD3d 629 [2010]; *Edwards v Great Atl. & Pac. Tea Co., Inc.*, 71 AD3d 721 [2010]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it (see *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; see *Schiano v Mijul, Inc.*, 79 AD3d 726, 726-727 [2010]; *Farrell v Waldbaum's, Inc.*, 73 AD3d 846, 847 [2010]; *Ames v Waldbaum, Inc.*, 34 AD3d 607 [2006]).

Here, the deposition testimony submitted by the defendants in support of their motion for summary judgment merely referred to general cleaning practices and provided no evidence regarding any specific cleaning or inspection of the area in question on the day of the plaintiff's fall. Thus, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see *Schiano v Mijul, Inc.*, 79 AD3d at 726-727; *Farrell v Waldbaum's, Inc.*, 73 AD3d at 847; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598-599; cf. *Perez v New York City Hous. Auth.*, 75 AD3d at 630). The defendants' failure to meet their prima facie burden required denial of their motion, regardless of the sufficiency of the plaintiff's papers in opposition (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.