■ ARTHUR BROWN, Respondent, v ELCHONON KASS, Appellant. (Action No.1.) ARTHUR BROWN, Respondent, v ELCHONON KASS, Appellant, et al., Defendant. (Action No. 2.) ARTHUR BROWN, Respondent, v AARON FEINBERG, Defendant, and EL-CHONON KASS, Appellant. (Action No. 3.) ARTHUR BROWN, Respondent, v ELCHONON KASS, Appellant, et al., Defendant. (Action No. 4.) (And Other Titles.) [938 NYS2d 155]—

This appeal involves four related actions commenced by Arthur Brown (hereinafter the plaintiff) against, among others, Elchonon Kass (hereinafter the defendant). In action No. 1, the plaintiff sought, inter alia, to impose a constructive trust on certain real property located in Atlantic Beach (hereinafter the Atlantic Beach property). In action No. 2, the plaintiff sought, among other things, to impose a constructive trust over a certain limited liability company. In action No. 3, the plaintiff sought, inter alia, to recover damages against the defendant for fraud with respect to the Atlantic Beach property. In action No. 4, the plaintiff sought to foreclose on a mechanic's lien or to recover based on quantum meruit, for repairs and alterations allegedly performed by him on the defendant's home.

The defendant moved, in effect, for summary judgment dismissing the complaint in action No. 1 and for summary judgment dismissing the complaints insofar as asserted against him in action Nos. 2, 3, and 4. The Supreme Court denied the motion, concluding that "there exist profound questions of credibility relating primarily to the parties themselves, and also to their respective 'witnesses,' " which precluded an award of summary judgment.

"It is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). " 'On a motion for summary judgment the court must not weigh the credibility of witnesses unless it clearly appears that the issues are feigned and not genuine,' " and " '[a]ny conflict in the testimony or evidence presented merely raise[s] an issue of fact' " (*Pryor & Mandelup, LLP v Sabbeth*, 82 AD3d 731, 732 [2011], quoting *6243 Jericho Realty Corp. v AutoZone, Inc.*, 27 AD3d 447, 449 [2006]). Summary judgment is inappropriate where triable issues of fact or credibility are raised that require a trial (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

With respect to action No. 1, the defendant met his prima facie burden of demonstrating his entitlement to judgment as a matter of law dismissing the complaint. The defendant also met his prima facie burden of demonstrating his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him in action No. 3. In opposition to those prima

facie showings, however, the plaintiff raised triable issues of fact (*id.*).

With respect to action Nos. 2 and 4, the defendant failed to demonstrate, prima facie, that he was entitled to judgment as a matter of law dismissing the complaints in those actions insofar as asserted against him. The defendant's submissions did not eliminate the existence of triable issues of fact surrounding the various agreements made between the plaintiff and the defendant, and as to their credibility and the credibility of their witnesses. Since the defendant failed to meet his prima facie burden with respect to action Nos. 2 and 4, the sufficiency of the plaintiff's opposition papers with respect to those actions need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion, in effect, for summary judgment dismissing the complaint in action No. 1 and dismissing the complaints insofar as asserted against him in action Nos. 2, 3, and 4.

In light of the foregoing, the defendant's remaining contentions need not be reached. Florio, J.P., Chambers, Hall and Miller, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30963(U).]**