■ VERNELL JOHNSON, Appellant, v CULINARY INSTITUTE OF AMERICA, Respondent. (And a Third-Party Action.) [944 NYS2d 307]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an or-

der of the Supreme Court, Dutchess County (Pagones, J.), dated February 17, 2011, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On August 10, 2007, the plaintiff, an employee of the third-party defendant, Janitronics, allegedly was injured when she slipped and fell on a wet floor while working in a building owned by the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals, and we reverse.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Amendola v City of New York, 89 AD3d 775 [2011]; Alami v 215 E. 68th St., L.P., 88 AD3d 924, 924-925 [2011]; Schiano v Mijul, Inc., 79 AD3d 726 [2010]; Walsh v Super Value, Inc., 76 AD3d 371, 375 [2010]; Gambino v City of New York, 60 AD3d 627 [2009]). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]; see Mei Xiao Guo v Quong Big Realty Corp., 81 AD3d 610, 611 [2011]). A defendant cannot satisfy its initial burden as the movant merely by pointing to gaps in the plaintiff's case (see McPhaul v Mutual of Am. Life Ins. Co., 81 AD3d 609, 610 [2011]; Davranov v 470 Realty Assoc., LLC, 79 AD3d 697, 697-698 [2010]; Edwards v Great Atl. & Pac. Tea Co., Inc., 71 AD3d 721 [2010]).

In support of its motion for summary judgment, the defendant relied principally upon the plaintiff's deposition testimony. In that testimony, the plaintiff stated that she slipped and fell on a wet portion of a hallway in an area of the defendant's building near a landing and stairwell. It appeared to her that the floor had just been mopped. She further testified that, after speaking with an employee of the defendant right after the accident, whom the plaintiff could only identify as a "Jamaican" person, this person advised her that another employee of the defendant, whom the plaintiff could only recall as a "Mexican" person, had mopped that area. She was sure, from dealing with these two people in the past, that they were, in fact, employees of the defendant and not employees of the company for which

she worked. The plaintiff is entitled, at this stage of the proceedings, to every reasonable inference that can be drawn from her testimony (*see Brown v Outback Steakhouse*, 39 AD3d 450, 451 [2007]; *Brandes v Incorporated Vil. of Lindenhurst*, 8 AD3d 315, 316 [2004]; *Nicklas v Tedlen Realty Corp.*, 305 AD2d 385, 386 [2003]). Under the facts as testified to by the plaintiff, the defendant failed to establish that it did not create the condition complained of (*see Amendola v City of New York*, 89 AD3d at 776; *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146 [2011]; *Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673, 674 [2007]).

Furthermore, the defendant failed to meet its burden of demonstrating the absence of constructive notice of the dangerous condition since it failed to submit any evidence as to when the floor was last inspected or mopped prior to the plaintiff's accident (*see Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d at 674; *Ferrara v JetBlue Airways Corp.*, 27 AD3d 244 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436, 437 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]).

Since the defendant failed to eliminate all triable issues of fact as to whether it created the condition complained of or had notice of the condition complained of, it failed to establish its prima facie entitlement to judgment as a matter of law, and its motion for summary judgment dismissing the complaint should have been denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.