■ CAROL CERNIGLIA et al., Appellants, v LOZA REST. CORP., Doing Business as CHALET ALPINA RESTAURANT, Respondent. [951 NYS2d 57]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Agate, J.), dated July 5, 2011, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered September 6, 2011, which, upon the order, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, and the order dated July 5, 2011, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Carol Cerniglia (hereinafter the injured plaintiff) alleges that on October 2, 2008, while dining in the defendant's restaurant in Forest Hills, Queens, the bench upon which she was seated collapsed, causing her to sustain personal injuries. The injured plaintiff, with her husband suing derivatively, commenced this action against the defendant to recover damages for negligence. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating, through the deposition testimony of its owners, that it neither created nor had actual or constructive notice of the allegedly defective condition of the bench (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Quinones v Federated Dept. Stores, Inc.*, 92 AD3d 931, 932 [2012]; *Dulgov v City of New York*, 33 AD3d 584 [2006]).

In opposition, the plaintiffs raised a triable issue of fact. At their respective depositions, both plaintiffs testified that immediately after the accident, an unnamed "owner" of the restaurant told them that the bench was unsafe and did not provide sufficient support. Viewing the evidence in the light most favorable to the plaintiffs and resolving all reasonable inferences in their favor (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]; *Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920 [2005]), the "owner's" alleged admission to the plaintiffs qualified as an exception to the hearsay rule (*see Vaden v Rose*, 4 AD3d 468, 469 [2004]; *Ferrara v Poranski*, 88 AD2d 904 [1982]). Although in their deposition testimony, which the plaintiffs also submitted as part of their opposition papers, the defendant's owners admitted speaking to the plaintiffs immediately after the accident, both denied making any comments to the injured plaintiff or anyone in her party regarding a defect in the bench. However, again viewing the evidence in the light most favorable to the plaintiffs and resolving all reasonable inferences in their favor, the plaintiffs thus raised a triable issue of fact as to whether the defendant had notice of the existence of the allegedly dangerous condition of the bench. The fact that both of the defendant's owners denied making any statement immediately after the accident to either of the

plaintiffs regarding the condition of the bench merely raised issues of credibility that cannot be determined on a motion for summary judgment (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]; *Brown v Kass*, 91 AD3d 894, 895 [2012]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contention need not be reached in light of our determination. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.