A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078 [2012]; Amendola v City of New York, 89 AD3d 775, 775 [2011]). “To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]; see Klerman v Fine Fare Supermarket, 96 AD3d 907 [2012]).
Here, affording the plaintiff the benefit of every reasonable inference that can be drawn from the testimony, the defendant failed to establish, prima facie, that it did not have constructive *881 notice of the allegedly hazardous condition (see e.g. Armellino v Thomase, 72 AD3d 849, 850 [2010]; Secof v Greens Condominium, 158 AD2d 591, 593 [1990]).
The defendant’s remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint. Angiolillo, J.E, Dickerson, Belen and Miller, JJ., concur.