■ MICHELLE MAHONEY, Appellant, v AMC ENTERTAINMENT, INC., et al., Respondents. [959 NYS2d 752]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated November 17, 2011, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473 [2012]; *Amendola v City of New York*, 89 AD3d 775 [2011]; *Alami v 215 E. 68th St., L.P.*, 88 AD3d 924, 924-925 [2011]; *Schiano v Mijul, Inc.*, 79 AD3d 726 [2010]; *Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]; *Gambino v City of New York*, 60 AD3d 627 [2009]). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the

plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610, 611 [2011]). Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice (*see Goodyear v Putnam/ Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551 [2011]; *Schiano v Mijul, Inc.*, 79 AD3d at 726-727; *Farrell v Waldbaum's, Inc.*, 73 AD3d 846, 847 [2010]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598-599; *cf. Perez v New York City Hous. Auth.*, 75 AD3d 629, 630 [2010]).

Here, with respect to constructive notice, the defendants failed to meet their prima facie burden. At best, the deposition testimony of the defendants' employee, Cornell Richard, established merely his general cleaning practices, as well as those of the defendants' other employees, regarding the area around the concession stand where the plaintiff slipped and fell due to the presence of a puddle of liquid. He admitted he had no idea, specifically, when the last time on the date of the plaintiff's accident, he, or anyone else, had inspected the floor where the accident occurred. Contrary to the Supreme Court's determination, the evidence submitted by the defendants did not establish that the puddle existed for such a short period of time that the defendants would not have been expected to discover and clean it up.

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]), it does not have a duty to protect against an open and obvious condition, which, as a matter of law, is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]). Here, the defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law on this theory, since the evidence submitted by the defendants did not establish, prima facie, that the condition was open and obvious and not inherently dangerous (*see Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813 [2012]; *Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761 [2011]; *see also Klee v Cablevision Sys. Corp.*, 77 AD3d 794 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Grgich v City of New York*, 2 AD3d 680 [2003]).

Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint should have been denied. Eng, P.J., Rivera, Lott and Miller, JJ., concur.