In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated August 29, 2011, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
On December 1, 2008, a Monday, at about 5:30 p.m., the plaintiff allegedly slipped and fell on a greasy substance in a stairway of an apartment building owned by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries, and the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.
In a slip-and-fall case, a defendant moving for summary judgment has the initial burden of making a prima facie showing that it did not create the condition on which the plaintiff slipped, and did not have actual or constructive notice of that condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d 880 [2012]; Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078 [2012]). “ ‘To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell’ ” (Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d at 880, quoting Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]).
A defendant’s submission of evidence of its general cleaning practices is generally insufficient to meet its burden on the issue of lack of constructive notice (see Santos v 786 Flatbush Food Corp., 89 AD3d 828, 830 [2011]; Goodyear v Putnam/ Northern Westchester Bd. of Coop. Educ. Servs., 86 AD3d 551, 552 [2011]; Birnbaum v New York Racing Assn., Inc., 57 AD3d at 599). Here, however, the defendant submitted an affidavit from its superintendent indicating that each and every Monday, he would mop the entire building, including the stairwell where the plaintiff allegedly fell, and that this mopping would always occur between the hours of 3:00 p.m. and 4:00 p.m. This affidavit was specific enough to satisfy the defendant’s initial burden. *848 In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint. Rivera, J.E, Lott, Roman and Sgroi, JJ., concur.