■ SAMUEL HERMAN, Appellant, v LIFEPLEX, LLC, Respondent, et al., Defendant. [966 NYS2d 473]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Jamieson, J.), dated April 17, 2012, which granted the motion of the defendant Lifeplex, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Lifeplex, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly sustained personal injuries while engaged in a game of tennis at an indoor facility operated by the defendant Lifeplex, LLC (hereinafter Lifeplex). As the plaintiff was "pedaling backwards" in an attempt to hit a ball, he came into contact with a curtain separating the tennis court from an adjacent wall. He then allegedly stepped on an empty plastic water bottle that had been left behind the curtain, causing him to slip backwards and fall.

The plaintiff commenced this action to recover damages for

personal injuries. Lifeplex moved for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that the plaintiff assumed the risk inherent in playing the sport of indoor tennis and that it did not have actual or constructive notice of the placement of the water bottle. The Supreme Court granted Lifeplex's motion.

"The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity 'consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation' " (*Alqurashi v Party of Four, Inc.*, 89 AD3d 1047, 1047 [2011], quoting *Morgan v State of New York*, 90 NY2d 471, 484 [1997]). The doctrine does not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (*see Viola v Carmel Cent. School Dist.*, 95 AD3d 1206, 1207 [2012]; *Rosenbaum v Bayis Ne'Emon, Inc.*, 32 AD3d 534, 535 [2006]). The doctrine of primary assumption of risk "encompasses risks associated with the construction of the playing surface" (*Morlock v Town of N. Hempstead*, 12 AD3d 652, 652 [2004]), " 'and any open and obvious condition on it' " (*Casey v Garden City Park-New Hyde Park School Dist.*, 40 AD3d 901, 902 [2007], quoting *Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469, 469 [2000]; *see Viola v Carmel Cent. School Dist.*, 95 AD3d at 1207). Here, Lifeplex failed to eliminate triable issues of fact as to whether the condition that allegedly caused the plaintiff's injury was within the playing area of the tennis court, and whether the condition was concealed. Thus, Lifeplex failed to make a prima facie showing that the plaintiff assumed a risk inherent in the sport of tennis (*see Morgan v State of New York*, 90 NY2d at 484, 488).

Moreover, in moving for summary judgment dismissing the complaint, Lifeplex had the initial burden of establishing "that it neither created nor had actual or constructive notice of the allegedly defective condition that caused the accident" (*Kielty v AJS Constr. of L.I., Inc.*, 83 AD3d 1004, 1005 [2011]; *see Indelicato v Parkway N. Assoc., L.P.*, 98 AD3d 946, 947 [2012]). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855 [2013]). Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice (*see Mahoney v*

*AMC Entertainment, Inc.*, 103 AD3d at 855; *Goodyear v Putnam/ Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551, 552 [2011]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598-599). Here, Lifeplex did not proffer any evidence demonstrating when the subject area was last cleaned or inspected prior to the plaintiff's accident, and, thus, failed to eliminate all triable issues of fact with regard to its claim that it lacked constructive notice of the placement of the water bottle (*see Mahoney v AMC Entertainment, Inc.*, 103 AD3d at 855; *Feola v City of New York*, 102 AD3d 827 [2013]).

Since Lifeplex did not sustain its prima facie burden of establishing its entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, Lifeplex's motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied. Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.