In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered March 19, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
A defendant moving for summary judgment in a slip-and-fall case has the burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d 880, 880 [2012]; Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078 [2012]; Perez v New York City Hous. Auth., lit AD3d 629, 630 [2010]; Edwards v Great Atl. & Pac. Tea Co., Inc., 71 AD3d 721, 721 [2010]). “To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]; see Petersel v Good Samaritan Hosp. of Suffern, *861 N.Y., 99 AD3d at 880; Johnson v Culinary Inst. of Am., 95 AD3d at 1078; Schiano v Mijul, Inc., 79 AD3d 726, 726-727 [2010]; Farrell v Waldbaum’s, Inc., 73 AD3d 846, 847 [2010]; Ames v Waldbaum, Inc., 34 AD3d 607, 607 [2006]).
Here, in support of its motion, the defendant store owner demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that it did not create the condition that caused the plaintiff to fall in its store or have notice thereof (see Ingram v Long Is. Coll. Hosp., 101 AD3d 814, 815 [2012]; Cerniglia v Loza Rest. Corp., 98 AD3d 933, 934 [2012]; Knack v Red Lobster 286, N & D Rests., Inc., 98 AD3d 473, 473-474 [2012]; Pollina v Oakland’s Rest., Inc., 95 AD3d 1190, 1191 [2012]; Cusack v Peter Luger, Inc., 77 AD3d 785, 786 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Skelos, J.E, Dickerson, Hall and Miller, JJ., concur.