In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 13, 2013, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly slipped and fell on an oily substance on the sixth floor hallway of the 23-story apartment building where she resided. The apartment building was owned by the defendant Trump Village Apartments Two Owner, LLC, and managed by the defendant Apartment Management Associates, LLC, which employed the defendant Jack Smith as the apartment building property manager. The plaintiff subsequently commenced this action against the defendants, and the defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of the alleged hazardous condition. The Supreme Court denied the motion.
A defendant moving for summary judgment in a slip-and-fall case has the burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Pastore v Western Beef, Inc., 110 AD3d 860 [2013]; Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d 880 [2012]). To provide constructive notice, “a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy it” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Mercedes v City of New York, 107 AD3d 767 [2013]). “To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]; see Schiano v Mijul, Inc., 79 AD3d 726, 726-727 [2010]).
*1002 Here, the evidence that the defendants submitted in support of their motion, which included, inter alla, the deposition testimony and the affidavit of the apartment building’s porter, was sufficient to establish, prima facie, that they did not create or have actual or constructive notice of the alleged hazardous condition (see Arslan v Richmond N. Bellmore Realty, LLC, 79 AD3d 950 [2010]; Scheer v Pathmark Stores, 6 AD3d 520 [2004]). Contrary to the plaintiffs contention, the porter’s statements in his affidavit regarding when he last inspected the subject hallway were not inconsistent with his prior deposition testimony (see generally Kievman v Philip, 84 AD3d 1031 [2011]; Barco v Green Bus Lines, Inc., 62 AD3d 923 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.R, Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.