■ Lisa Rogers, Appellant, v Bloomingdale's, Inc., Respondent. [985 NYS2d 731]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated October 1, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On March 14, 2010, around 2:00 p.m., a few minutes after entering a department store owned by the defendant, the plaintiff allegedly slipped and fell on a wet tile floor. It had been raining on and off that day. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

In a slip-and-fall case, a defendant moving for summary judgment has the initial burden of establishing, prima facie, that it neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Sawicki v GameStop Corp.*, 106 AD3d 979 [2013]; *Armijos v Vrettos Realty Corp.*, 106 AD3d 847, 847 [2013]; *Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d 1307, 1308 [2011]). With respect to the issue of constructive notice, to meet its initial burden, "the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051-1052 [2013]). "Mere reference to general cleaning practices, with no

evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d at 1051).

Here, in support of its motion for summary judgment dismissing the complaint, the defendant failed to eliminate all triable issues of fact with regard to its contention that it did not have constructive notice of the wet floor since it failed to proffer any evidence demonstrating when the subject area was last cleaned or inspected prior to the plaintiff's accident (*see id.* at 1052; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855, 856 [2013]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599). The affidavit of the defendant's operations manager only provided information about the subject store's general cleaning procedures, while the deposition testimony of its loss prevention supervisor did not show when the floor in the area where the accident occurred had last been inspected or cleaned prior to the happening of the accident.

Since the defendant did not meet its burden of establishing its prima facie entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.