■ AIDA RODRIGUEZ, Appellant, v SHOPRITE SUPERMARKETS, INC., Respondent. [989 NYS2d 855]——

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered July 11, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on a squashed piece of fruit on the floor of the produce aisle of the defendant's store located in Yonkers.

"A defendant moving for summary judgment in a slip-and-fall case has the burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Gadzhiyeva v Smith*, 116 AD3d 1001, 1001 [2014]; *Pastore v Western Beef, Inc.*, 110 AD3d 860 [2013]; *Petersel v Good Samaritan Hosp. of Suffern, N.Y.*, 99 AD3d 880 [2012]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Gadzhiyeva v Smith*, 116 AD3d at 1001; *see Mercedes v City of New York*, 107 AD3d 767, 768 [2013]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Gadzhiyeva v Smith*, 116 AD3d at 1001; *Hernandez v New York City Hous. Auth.*, 116 AD3d 662 [2014]; *Altinel v John's Farms*, 113 AD3d 709, 710 [2014]; *Schiano v Mijul, Inc.*, 79 AD3d 726, 726 [2010]). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051-1052 [2013]; *see Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855, 856 [2013]; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551, 552 [2011]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598-599).

Here, the evidence submitted in support of the defendant's

motion failed to demonstrate that it lacked constructive notice of the condition alleged. In support of the defendant's motion, the defendant relied upon, inter alia, the deposition testimony and an affidavit of an assistant manager, who worked on the night of the accident, that merely referred to general cleaning practices of the defendant and provided no evidence regarding any specific cleaning or inspection of the area in question on the day of the plaintiff's fall (*see Mahoney v AMC Entertainment, Inc.*, 103 AD3d at 855; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d at 552; *cf. Armijos v Vrettos Realty Corp.*, 106 AD3d 847 [2013]). The defendant's failure to establish its prima facie entitlement to judgment as a matter of law required the denial of its motion, regardless of the sufficiency of the plaintiff's papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d at 552). Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.