■ CARMELO SANTIAGO, Appellant, v HMS HOST CORPORATION et al., Respondents. [4 NYS3d 274]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated June 10, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when he slipped and fell on glass debris outside of a rest stop located off the New Jersey Turnpike. The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion. We reverse.

A defendant moving for summary judgment in a slip-and-fall case has the burden of establishing, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]; *Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051 [2013]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d at 923; *Rogers v Bloomingdale's, Inc.*, 117 AD3d at 933; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]).

Here, the defendants did not proffer any evidence demon-

strating when the area where the plaintiff fell was last cleaned or inspected prior to the plaintiff's accident and, thus, failed to eliminate all triable issues of fact with regard to their contention that they lacked constructive notice of the glass debris (*see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d at 924; *Rogers v Bloomingdale's, Inc.*, 117 AD3d at 934; *Herman v Lifeplex, LLC*, 106 AD3d at 1052; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). The defendants' failure to establish their prima facie entitlement to judgment as a matter of law required the denial of their motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d at 924; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.