■ LAURA FRANCES MILLER, Appellant, v WESTERN BEEF PROPERTIES, INC., et al., Respondents. [9 NYS3d 611]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate J.), entered June 19, 2014, which granted the defendants' motion for summary judgment dismissing the complaint, and denied her cross motion pursuant to CPLR 3126 to strike the defendants' answer for failure to provide discovery, or, in the alternative, pursuant to CPLR 3124 to compel the defendants to produce certain employee witnesses for depositions and to extend her time to serve and file papers in opposition to the defendants' summary judgment motion.

Ordered that the order is affirmed, with costs.

On July 18, 2011, the plaintiff allegedly was injured after she slipped and fell on crushed grapes on the floor of an aisle in the defendants' supermarket. The plaintiff thereafter commenced this action to recover damages for personal injuries.

The defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved pursuant to CPLR 3126 to strike the defendants' answer for failure to provide discovery, or, in the alternative, pursuant to CPLR 3124 to compel the defendants to produce certain employee witnesses

for depositions and to extend her time to serve and file papers in opposition to the defendants' summary judgment motion. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.

The defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they did not create the alleged dangerous condition and did not have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Santiago v HMS Host Corp.*, 125 AD3d 838 [2015]; *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, the plaintiff did not make the requisite showing of entitlement to the drastic remedy of striking the defendants' answer (*see Pinto v Tenenbaum*, 105 AD3d 930, 931 [2013]), or to depose additional witnesses (*see* CPLR 3101 [a]; *cf. Giordano v New Rochelle Mun. Hous. Auth.*, 84 AD3d 729 [2011]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's cross motion, inter alia, to strike the defendants' answer, and properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.