Maria De Los Angeles Baez v Willow Wood Assoc., LP (2018 NY Slip Op 01589)





Maria De Los Angeles Baez v Willow Wood Assoc., LP


2018 NY Slip Op 01589


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-08292
 (Index No. 1635/14)

[*1]Maria De Los Angeles Baez, et al., appellants, 
v
Willow Wood Associates, LP, respondent.


Baxter Smith & Shapiro, P.C., Hicksville, NY (Patrick Thompson of counsel), for appellants.
Martyn, Toher & Martyn, Mineola, NY (Lisa Rossi and David Smith of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 16, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff Maria De Los Angeles Baez (hereinafter the injured plaintiff) allegedly was walking in the parking lot of a shopping center owned by the defendant when her foot came into contact with a hole in the parking lot, causing her to trip and fall. The injured plaintiff, and her husband suing derivatively, subsequently commenced this action. Following joinder of issue and the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
A defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Belton v Gemstone HQ Realty Assoc., LLC, 145 AD3d 840, 841; Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037; Campbell v New York City Tr. Auth., 109 AD3d 455, 456; Levine v Amverserve Assn., Inc., 92 AD3d 728, 729). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). To meet its burden on the issue of constructive notice, a defendant is required to offer evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (see Sartori v JP Morgan Chase Bank, N.A., 127 AD3d 1157; Campbell v New York City Tr. Auth., 109 AD3d at 456; Levine v Amverserve Assn., Inc., 92 AD3d at 729; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
In support of its motion, the defendant failed to demonstrate that it lacked constructive notice of the hazardous condition which allegedly caused the injured plaintiff's fall. The defendant relied upon, inter alia, the deposition testimony and affidavit of the property manager, which merely referred to her general inspection practices for the parking lot and provided no evidence regarding any specific inspection of the area in question prior to the injured plaintiff's fall (see Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d 923, 924; Rogers v Bloomingdale's, Inc., 117 AD3d 933, 934; Mahoney v AMC Entertainment, Inc., 103 AD3d 855, 856).
The defendant's failure to establish its prima facie entitlement to judgment as a matter of law required the denial of its motion, regardless of the sufficiency of the plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, the plaintiffs' remaining contention has been rendered academic.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court