Butts v SJF, LLC (2019 NY Slip Op 02491)





Butts v SJF, LLC


2019 NY Slip Op 02491


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-12092
 (Index No. 36679/10)

[*1]Karen A. Butts, etc., plaintiff-respondent, 
v
SJF, LLC, et al., defendants-respondents, South Country Plaza Condominium, Inc., et al., appellants.


Mulholland, Minion, Duffy, Davey, McNiff & Beyrer, Williston Park, NY (Dina M. Awad and Brian R. Davey of counsel), for appellant South Country Plaza Condominium, Inc.
Faber Brocks & Zane, LLP, Garden City, NY (Charles T. Ruhl of counsel), for appellants J.M. Iaboni Lanscaping, Inc., and J.M. Iaboni SC Enterprises, Inc.
Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for plaintiff-respondent.
Bello & Larkin, Hauppauge, NY (Wayne P. Esposito of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant South Country Plaza Condominium, Inc., appeals, and the defendants J.M. Iaboni Landscaping, Inc., and J.M. Iaboni SC Enterprises, Inc., separately appeal, from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated September 22, 2016. The order, insofar as appealed from by the defendant South Country Plaza Condominium, Inc., denied its motion for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against it. The order, insofar as appealed from by the defendants J.M. Iaboni Landscaping, Inc., and J.M. Iaboni SC Enterprises, Inc., denied their motion for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill costs to the plaintiff-respondent and defendants-respondents appearing separately and filing separate briefs, payable by the appellants appearing separately and filing separate briefs.
The plaintiff's decedent commenced this action against, among others, South Country Plaza Condominium, Inc. (hereinafter South Country), J.M. Iaboni Landscaping, Inc., and J.M. Iaboni SC Enterprises, Inc. (hereinafter together the Iaboni defendants) (hereinafter collectively the defendants), to recover damages for personal injuries he allegedly sustained in March 2010 when he slipped and fell on sand and debris that had accumulated on a concrete walkway located in an office condominium complex managed by South Country. South Country had contracted with the Iaboni defendants to provide snow and ice removal services for the subject premises during the 2009-2010 winter season.
Prior to the completion of discovery, South Country and the Iaboni defendants separately moved for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied both motions, and South Country and the Iaboni defendants separately appeal. We affirm.
In a slip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the injured party cannot identify the cause of his or her fall (see Antelope v Saint Aidan's Church, Inc., 110 AD3d 1020, 1021; Izaguirre v New York City Tr. Auth., 106 AD3d 878). Here, during a 2013 deposition, the decedent adequately identified the condition on which he allegedly fell. Thus, the defendants failed to establish, prima facie, that he could not identify the cause of his fall (see Pickles v Hyde Park Cent. Sch. Dist., 164 AD3d 701; Pol v Gjonbalaj, 125 AD3d 955, 956).
With regard to the motion by South Country, that defendant also failed to make a prima facie showing of its entitlement to judgment as a matter of law on the ground that it did not have constructive notice of the alleged dangerous condition. A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it reasonably could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Walsh v Super Value, Inc., 76 AD3d 371, 375). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer evidence as to when the accident site was last cleaned or inspected prior to the accident (see Sartori v JP Morgan Chase Bank, N.A., 127 AD3d 1157; Campbell v New York City Tr. Auth., 109 AD3d 455, 456; Levine v Amverserve Assn., Inc., 92 AD3d 728, 729). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Herman v Lifeplex, LLC, 106 AD3d 1050, 1051; see Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d 923; Rogers v Bloomingdale's, Inc., 117 AD3d 933, 933-934). South Country's submissions in support of its motion failed to demonstrate, prima facie, a lack of constructive notice. The affidavit of its association president merely referenced his general inspection practices and failed to indicate when the area of the walkway where the alleged slip and fall occurred was last inspected or cleaned relative to the accident (see Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d 880, 880-881; Klerman v Fine Fare Supermarket, 96 AD3d 907, 908).
Similarly, the Iaboni defendants' submissions in support of their motion failed to establish, prima facie, that they neither created nor had notice of the alleged defective condition, or that no defective condition existed. Furthermore, to the extent that the Iaboni defendants currently assert that they owed the decedent no duty of care due to their status as independent snow removal contractors (see generally Espinal v Melville Snow Contrs., 98 NY2d 136), that contention, raised for the first time in their reply papers, is not properly before this Court (see Castillo v Prince Plaza, LLC, 164 AD3d 1418, 1420; Zarabi v Movahedian, 136 AD3d 895, 896; Leavy v Merriam, 133 AD3d 636, 638).
Since South Country and the Iaboni defendants each failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
South Country's remaining contentions either are without merit or need not be addressed in view of the foregoing determination.
Accordingly, we agree with the Supreme Court's denial of the respective motions of South Country and the Iaboni defendants for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against each of them.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court