Griffin v PMV Realty, LLC (2020 NY Slip Op 02068)





Griffin v PMV Realty, LLC


2020 NY Slip Op 02068


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-05268
 (Index No. 518657/16)

[*1]Cordelia M. Griffin, appellant, 
v
PMV Realty, LLC, respondent.


Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
Law Office of Steven G. Fauth, LLC, New York, NY (Scott S. Levinson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated March 21, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On June 2, 2016, the plaintiff allegedly was injured when she slipped and fell on "something slippery and shiny" as she was descending a set of interior stairs leading to the lobby of a building owned by the defendant. In October 2016, the plaintiff commenced this personal injury action, alleging, inter alia, that the defendant was negligent in its ownership, maintenance, and control of the subject building. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint, arguing that it did not create or have actual or constructive notice of the alleged dangerous condition. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Steele v Samaritan Found., Inc., 176 AD3d 998, 999).
Here, the defendant, through an affidavit of the superintendent of the subject building, satisfied its prima facie burden of establishing that it neither created the alleged hazardous condition nor had actual notice of it. In opposition, the plaintiff failed to raise a triable issue of fact in this regard (see Zuckerman v City of New York, 49 NY2d 557, 562). However, the defendant failed to eliminate all triable issues of fact as to whether it had constructive notice of the alleged hazardous condition (see Hanney v White Plains Galleria, LP, 157 AD3d 660).
"A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length to afford the defendant a [*2]reasonable opportunity to discover and remedy it" (Falco-Averett v Wal-Mart Stores, Inc., 174 AD3d 506, 507; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer evidence as to when the accident site was last cleaned or inspected before the accident (see Butts v SJF, LLC, 171 AD3d 688, 689-690). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Herman v Lifeplex, LLC, 106 AD3d 1050, 1051). Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition. While the affidavit of the building superintendent referenced general inspection and cleaning practices, the defendant failed to submit evidence regarding specific cleaning or inspection of the area in question relative to the time when the plaintiff's accident occurred (see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law as to constructive notice, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Hanney v White Plains Galleria, LP, 157 AD3d at 662).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court