■ CENTRAL MORTGAGE COMPANY, Respondent, v VINCENT McCLELLAND et al., Appellants, et al., Defendants. [991 NYS2d 87]—

In an action to foreclose a mortgage, the defendants Vincent McClelland and Denise McClelland appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated February 11, 2013, as granted the plaintiff's motion for leave to renew and reargue and, upon renewal and reargument, in effect, vacated so much of an order of the same court dated September 6, 2012, as denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them, and granted that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them and denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated February 11, 2013, is affirmed insofar as appealed from, with costs.

This action to foreclose a mortgage was commenced in June 2010 against, among others, the defendants Vincent McClelland and Denise McClelland (hereinafter together the appellants). In January 2012 the plaintiff moved, inter alia, for summary judgment on the complaint, and the appellants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. In an order dated September 6, 2012, the Supreme Court denied the plaintiff's motion and granted that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them for lack of standing.

In October 2012, the plaintiff moved for leave to renew and reargue its motion and its opposition to the appellants' cross motion. In the order appealed from, the Supreme Court granted the plaintiff's motion for leave to renew and reargue and, upon renewal and reargument, in effect, vacated so much of the order dated September 6, 2012, as denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants, and granted that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted that branch of the plaintiff's motion and denied that branch of the appellants' cross motion.

A motion for leave to renew or reargue is addressed to the sound discretion of the Supreme Court (see Biscone v JetBlue Airways Corp., 103 AD3d 158, 180 [2012]; HSBC Bank USA, N.A. v Halls, 98 AD3d 718, 720 [2012]; Matter of Swingearn, 59 AD3d 556 [2009]). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). A motion for leave to reargue must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to renew and reargue and, upon renewal and reargument, properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants, and properly denied that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the underlying note, and evidence of the appellants' default, and by demonstrating that the appellants' affirmative defense of lack of standing was without merit (see Bank of N.Y. Mellon Trust Co. v McCall, 116 AD3d 993 [2014]). The plaintiff established its standing to maintain this foreclosure action by demonstrating that the note was physically delivered to it prior to the commencement of this action (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628 [2014]). In opposition, the appellants failed to raise a triable issue of fact. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.