■ In the Matter of EDWARD A. RADBURN, Holder of Shares Representing 20 Percent or More of All Outstanding Shares Entitled to Vote in an Election of Directors, Appellant, v MSN AIR SERVICES, INC., Respondent. [23 NYS3d 328]—

In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely held corporation, the petitioner appeals from an order of the Supreme Court, Queens County (Livote, J.), entered April 8, 2015, which granted that branch of the motion of MSN Air Services, Inc., which was for leave to reargue its prior motion, inter alia, to dismiss the proceeding for neglect to prosecute and to set the buy-out value of the petitioner's shares, which had been granted in part in an order of the same court entered November 12, 2014, and, upon reargument, inter alia, vacated the order entered November 12, 2014.

Ordered that the order is affirmed, with costs.

In 2009, the petitioner commenced this proceeding pursuant to Business Corporation Law § 1104-a for the dissolution of the closely held corporation MSN Air Services, Inc. (hereinafter MSN), of which he was a minority shareholder. Thereafter, nonparty Roopnarine Singh, the majority shareholder of MSN, timely elected to purchase the petitioner's ownership interest in the corporation pursuant to Business Corporation Law § 1118. By order dated July 23, 2010, the Supreme Court, Queens County, stayed the dissolution proceeding and directed a hearing to determine the fair value of the petitioner's interest in accordance with that statute, which required that the interest be valued as of the day prior to the date of commencement of the proceeding in 2009 (*see* Business Corporation Law § 1118 [b]). However, the petitioner repeatedly failed to appear on the dates scheduled for the valuation hearing, and the court

eventually marked the matter off the calendar. MSN thereafter moved both to dismiss the dissolution proceeding for neglect to prosecute and to fix the value of the petitioner's interest at $247,000, which was the value attributed by MSN's expert appraiser. In the meantime, the petitioner commenced a new action against Singh in the Supreme Court, Nassau County, in relation to their respective interests in MSN.

In an order entered November 12, 2014, the Supreme Court, Queens County, granted that branch of MSN's motion which was to dismiss the dissolution proceeding for neglect to prosecute, but did not expressly address that branch of the motion which was to fix the value of the petitioner's interest in the corporation at $247,000. Accordingly, MSN moved for leave to reargue its prior motion and, upon reargument, to vacate the order entered November 12, 2014, and either restore the dissolution proceeding to the calendar for a valuation hearing or fix the value of the petitioner's interest at $247,000. In an order entered April 8, 2015, the court granted reargument and, thereupon, inter alia, vacated the order entered November 12, 2014, thereby placing the issue of the valuation of the petitioner's interest before the Supreme Court, Queens County, once again, pursuant to the order dated July 23, 2010. Since the petitioner wished to pursue his remedies in the Nassau County action and opposed the valuation of his interest in the 2009 Queens County proceeding, he appeals from the order which granted reargument.

Contrary to the petitioner's contention, the Supreme Court properly granted that branch of the motion of MSN which was for leave to reargue its prior motion. That motion unequivocally sought both a determination that the value of the petitioner's shares in MSN should be fixed at $247,000 for the purpose of facilitating their purchase pursuant to Business Corporation Law § 1118, and dismissal of the proceeding for neglect to prosecute. While the court granted that branch of the motion which sought dismissal, it failed to address the buy-out valuation relief requested by MSN on the motion. Since the papers submitted by MSN in support of reargument clearly demonstrated that the court overlooked that requested relief in deciding the motion, MSN made the requisite showing for reargument (see CPLR 2221 [d]; see generally Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891-892 [2015]; Central Mtge. Co. v McClelland, 119 AD3d 885, 886 [2014]). Additionally, we discern no error in the court's vacatur of its prior order entered November 12, 2014.

We note that the appropriate valuation of the petitioner's

shares has yet to be determined in this proceeding (*see generally* Business Corporation Law § 1118 [b]; *Matter of Penepent Corp.*, 96 NY2d 186, 191 [2001]; *Matter of Pace Photographers [Rosen]*, 71 NY2d 737, 748 [1988]; *Matter of Murphy v United States Dredging Corp.*, 74 AD3d 815, 817 [2010]; *Matter of USA Nutritionals*, 306 AD2d 490 [2003]). In this regard, we take judicial notice of the fact that during the pendency of this appeal, the Supreme Court, Queens County, issued an order, inter alia, directing further proceedings to determine the fair value of the petitioner's shares for the purposes of Business Corporation Law § 1118. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.