Kugler v Kugler (2019 NY Slip Op 05969)





Kugler v Kugler


2019 NY Slip Op 05969


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-11238
 (Index No. 200228/10)

[*1]Abbie Kugler, respondent, 
v
Gregg Kugler, appellant.


Jason M. Barbara & Associates, P.C., New Hyde Park, NY (Penny JG Berger of counsel), for appellant.
Schlissel Ostrow Karabatos, PLLC, Garden City, NY (Stephen W. Schlissel and Jeanine M. Rooney of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Howard E. Sturim, J.), entered September 20, 2016. The order granted the plaintiff's motion for leave to renew and reargue her prior application for counsel fees and thereupon to vacate two prior orders of the same court (F. Dana Winslow, J.), dated August 24, 2015, and November 19, 2015, respectively, and denied the defendant's cross motion to compel the plaintiff to execute documents necessary to finalize the judgment of divorce, and, sua sponte, inter alia, directed the plaintiff to submit a new application for counsel fees within 30 days of the date of the order.
ORDERED that on the Court's own motion, the notice of appeal from the final decretal paragraph of the order entered September 20, 2016, which was made sua sponte, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered September 20, 2016, is affirmed, with costs.
This action for a divorce and ancillary relief was commenced in 2010. On August 15, 2013, the parties entered into a stipulation of settlement. Insofar as relevant to this appeal, the stipulation acknowledged the existence of certain past legal and stenographic fees owed by the parties totaling $57,440 (hereinafter the itemized fees). The stipulation further acknowledged that the plaintiff owed outstanding legal fees to her then counsel "in an amount to be determined," and expressly allowed the plaintiff to submit an application for counsel fees "on Attorney's Affirmations for determination by the Court on a briefing schedule to be determined by the Court."
The plaintiff subsequently submitted an application requesting an award of counsel fees in the total sum of $167,564.68, which the defendant opposed. In an order dated August 24, 2015, the Supreme Court noted that it had "been unable to locate any reference to an agreement, stipulation or award of any kind of attorney's fees," other than the itemized fees. The court further indicated that it would issue an award based on the itemized fees "unless submission is made by either party which demonstrates that there is additional information that the [c]ourt should consider or demonstrates that the [c]ourt has misapprehended a material fact." The plaintiff thereafter [*2]submitted a supplemental affirmation, with additional supporting documents.
In a subsequent order dated November 19, 2015, the Supreme Court, noting that it had "received no submissions from the parties," awarded the plaintiff counsel fees only in the total sum of the itemized fees, plus statutory interest.
The plaintiff thereafter moved for leave to reargue, on the ground that the Supreme Court had overlooked or misapprehended the section of the stipulation of settlement that expressly allowed her to apply for counsel fees above and beyond the itemized fees. The plaintiff also moved for leave to renew, on the ground that certain billing invoices had been inadvertently omitted from her original submission due to law office failure. Upon reargument and renewal, the plaintiff requested vacatur of the two prior orders. The defendant opposed the motion and cross-moved to compel the plaintiff to execute documents necessary to finalize the judgment of divorce.
In an order entered September 20, 2016, the Supreme Court denied the defendant's cross motion, granted the plaintiff's motion for leave to reargue and renew, and thereupon to vacate the court's prior orders dated August 24, 2015, and November 19, 2015, respectively, and, sua sponte, inter alia, directed the plaintiff to file a new application for counsel fees within 30 days.
"A motion for leave to renew or reargue is addressed to the sound discretion of the Supreme Court" (Central Mtge. Co. v McClelland, 119 AD3d 885, 886). "A motion for leave to reargue must be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion'" (id. at 886, quoting CPLR 2221[d][2]). A motion for leave to renew must "be based upon new facts not offered on the prior motion that would change the prior determination" and must "contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue, as the court had overlooked or misapprehended the scope of its authority under the express terms of the parties' stipulation. Moreover, in her request for leave to renew, the plaintiff provided a reasonable excuse for her failure to annex certain billing invoices to her original application, as " [l]aw office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion'" (Rivera v Queens Ballpark Co., LLC, 134 AD3d 796, 797, quoting Nwauwa v Mamos, 53 AD3d 646, 649). Therefore, the court also providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to renew. Further, we agree with the court's determination, upon reargument and renewal, granting that branch of the plaintiff's motion which was to vacate the two prior orders.
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court