HSBC Bank USA, N.A. v Shahid (2020 NY Slip Op 07359)





HSBC Bank USA, N.A. v Shahid


2020 NY Slip Op 07359


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-11219
 (Index No. 712174/16)

[*1]HSBC Bank USA, N.A., appellant, 
v
Abdul Shahid, respondent, et al., defendants.


McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth Britt of counsel), for appellant.
Peter M. Redmond, Bayside, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered July 20, 2018. The judgment, upon an order of the same court entered June 27, 2017, granting the motion of the defendant Abdul Shahid for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations and on his counterclaim to cancel and discharge of record the subject mortgage, and upon an order of the same court entered July 20, 2018, inter alia, upon renewal, adhering to the prior determination in the order entered June 27, 2017, in effect, dismissed the complaint and directed the cancellation and discharge of record of the subject mortgage.
ORDERED that the judgment is affirmed, with costs.
In 2008, the plaintiff's predecessor commenced an action (hereinafter the 2008 action) against, among others, the defendant Abdul Shahid (hereinafter the defendant) to foreclose the subject mortgage. By order entered July 2, 2013, the 2008 action was dismissed without prejudice for failure to comply with prior court orders. No appeal was taken from the July 2, 2013 order. By order entered March 2, 2016, the plaintiff's motion, in effect, to vacate the July 2, 2013 order and to restore the 2008 action was denied. No appeal was taken from the March 2, 2016 order.
The plaintiff commenced this action on October 12, 2016, against the defendant, among others, to foreclose the subject mortgage. The defendant answered the complaint asserting various affirmative defenses, including the expiration of the statute of limitations, and interposing a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations and on his counterclaim to cancel and discharge of record the mortgage. By order entered June 27, 2017, the Supreme Court granted the defendant's motion. The plaintiff moved to renew and reargue its opposition to the defendant's motion. In an order entered July 20, 2018, the court denied that branch of the plaintiff's motion which was for leave to reargue, granted that branch of the plaintiff's motion which was for leave to renew, and, upon renewal, adhered to its prior determination. The judgment, upon the orders entered June 27, 2017, and July 20, 2018, in effect, dismissed the plaintiff's complaint and directed the cancellation and discharge of record of the subject mortgage. The plaintiff appeals, contending, inter alia, that, [*2]upon renewal, the court erred by failing to consider, in the interest of justice, its argument that this action was timely commenced pursuant to CPLR 205(a).
Pursuant to CPLR 205(a), if an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff may commence a new action upon the same transaction or occurrence within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon the defendant is effected within such six-month period (see CPLR 205[a]).
A motion for leave to renew: (1) "shall be identified specifically as such;" (2) "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination;" and (3) "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e]).
Although "'a motion for leave to renew is intended to direct the court's attention to new or additional facts which, although in existence at the time the original motion was made, were unknown to the movant and were, therefore, not brought to the court's attention, the rule is not inflexible and the court, in its discretion, may grant renewal, in the interest of justice, upon facts known to the movant at the time of the original motion'" (RJBC of NY, Inc. v Ruzic, 175 AD3d 1574, 1574-1575, quoting Rancho Santa Fe Assn v Dolan-King, 36 AD3d 460, 461; see Garner v Latimer, 306 AD2d 209, 210).
Here, the plaintiff's argument that this action was timely commenced pursuant to CPLR 205(a), which was not raised in opposition to the defendant's original motion, was not based on new facts nor did the plaintiff demonstrate reasonable justification for its failure to present such facts in opposition to the original motion or that there had been a change in the law with respect to that argument that would change the prior determination (see CPLR 2221[e][2]). Moreover, contrary to the plaintiff's contention, this is not a case that warranted consideration, upon renewal, of its argument that this action was timely commenced pursuant to CPLR 205(a) in the interest of justice (see Vaca v Village View Hous. Corp., 170 AD3d 619, 620; HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 788; 30 Clinton Place Owners, Inc. v Singh, 131 AD3d 467). In any event, the plaintiff failed to demonstrate that this action was timely commenced pursuant to CPLR 205(a) (cf. Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1074).
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court