Fein v Fein (2021 NY Slip Op 01964)





Fein v Fein


2021 NY Slip Op 01964


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-05768
 (Index No. 9565/09)

[*1]Mitchell Fein, appellant, 
v
Julie Fein, respondent.


Jeffrey S. Schecter & Associates, P.C., Garden City, NY (Bryce R. Levine of counsel), for appellant.
The McPherson Firm, P.C., New York, NY (Laurie J. McPherson and Deepti Shenoy of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated December 22, 2011, the plaintiff appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated March 22, 2017. The order, insofar as appealed from, (1) granted that branch of the defendant's motion which was for leave to reargue her opposition to that branch of the plaintiff's prior cross motion which was for a money judgment in the principal sum of $175,000, representing the value of half of the marital household furnishings, which had been granted in part in an order of the same court dated April 2, 2015, and, upon reargument, vacated so much of the order dated April 2, 2015, as granted in part that branch of the plaintiff's prior cross motion and, thereupon, in effect, denied that branch of the plaintiff's prior cross motion and directed the parties to distribute those furnishings in the manner directed by the judgment of divorce and (2) denied the plaintiff's cross motion for a finding that the defendant was in violation of the order dated April 2, 2015, with respect to the distribution of the marital household furnishings, for a money judgment in the principal sum of $175,000, and for an award of attorney's fees.
ORDERED that the order dated March 22, 2017, is affirmed insofar as appealed from, with costs.
The parties were divorced by judgment dated December 22, 2011. The judgment of divorce determined that the defendant was in possession of the entirety of the marital household furnishings and that the plaintiff was entitled to half of the value of the furnishings. The judgment directed the parties to agree to a value of the furnishings by January 15, 2012, at which time the plaintiff would be given a credit against his other obligations for half of the agreed upon value. If, however, the parties failed to reach an agreement, the judgment directed that the furnishings would be distributed by each party alternately selecting a piece of furnishing until all pieces were distributed.
In 2014, the defendant moved for a money judgment for various arrears. The plaintiff cross-moved, inter alia, for a money judgment in the principal sum of $175,000, representing half of the value of the marital household furnishings. In an order dated April 2, 2015, the Supreme Court, among other things, granted that branch of the plaintiff's cross motion to the extent of directing the parties to prepare a list of the marital household furnishings, and, thereafter, to identify [*2]the furnishings that each wanted. The furnishings not in dispute were to be distributed accordingly, and the furnishings in dispute would be distributed by each party alternately selecting a piece of furnishing until all pieces were distributed. In the event that the defendant failed to make her election on or before a specified date, or if she failed to reasonably cooperate with the plaintiff in his removal of the furnishings, the order directed that the defendant would pay the plaintiff $175,000, representing half of the value of the furnishings as found in a prior decision dated November 10, 2011.
Thereafter, the defendant moved, inter alia, for leave to reargue her opposition to that branch of the plaintiff's cross motion which was for a money judgment in the principal sum of $175,000, representing half of the value of the marital household furnishings. The defendant contended that the Supreme Court had misapprehended that the value of the furnishings had previously been established as $350,000, when, in fact, in the decision dated November 10, 2011, the court had determined that it was without competent proof to establish the value of the furnishings. The plaintiff cross-moved for a finding that the defendant was in violation of the order dated April 2, 2015, with respect to the distribution of the marital household furnishings, for a money judgment in the principal sum of $175,000, and for an award of attorney's fees.
In an order dated March 22, 2017, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for leave to reargue, and, upon reargument, vacated so much of the order dated April 2, 2015, as granted that branch of the plaintiff's prior cross motion to the extent of directing the parties to distribute the marital household furnishings in a certain manner and directing the defendant to pay the plaintiff $175,000, representing half of the value of the marital household furnishings, if she failed to comply, and, thereupon, in effect, denied that branch of the plaintiff's prior cross motion and directed the parties to distribute those furnishings in the manner directed by the judgment of divorce. The court also denied the plaintiff's cross motion. The plaintiff appeals.
A motion for leave to reargue is addressed to the sound discretion of the motion court (see Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC, 184 AD3d 695; MAAD Constr., Inc. v Cavallino Risk Mgt., Inc., 178 AD3d 816, 819). Such a motion must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]).
Here, the defendant demonstrated that the Supreme Court had misapprehended that the value of the marital household furnishings was previously established to be $350,000, when, in fact, the court had previously found that it was without competent proof to establish the value of the furnishings. Accordingly, the court did not improvidently exercise its discretion in granting the plaintiff leave to reargue. Furthermore, under the circumstances, the court properly, upon reargument, vacated so much of the order dated April 2, 2015, as granted that branch of the plaintiff's prior cross motion to the extent of directing the parties to distribute the marital household furnishings in a certain manner and directing the defendant to pay the plaintiff $175,000 if she failed to comply, and, thereupon, in effect, denied that branch of the plaintiff's prior cross motion and directed the parties to distribute those furnishings in the manner directed by the judgment of divorce, and properly denied those branches of the plaintiff's cross motion which were for a finding that the defendant was in violation of the order dated April 2, 2015, and for a money judgment in the principal sum of $175,000.
Considering the relative merit of the parties' contentions, the Supreme Court also properly denied that branch of the plaintiff's cross motion which was for an award of attorney's fees (see Domestic Relations Law § 238; Gahagan v Gahagan, 172 AD3d 1008, 1010).
The plaintiff's remaining contentions are without merit.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court