A.R. Conelly, Inc. v New York City Charter High Sch. for Architecture, Eng'g & the Constr. Indus. (2022 NY Slip Op 03880)

A.R. Conelly, Inc. v New York City Charter High Sch. for Architecture, Eng'g & the Constr. Indus.

2022 NY Slip Op 03880

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-08195
 (Index No. 507326/15)

[*1]A.R. Conelly, Inc., etc., appellant-respondent,
v
New York City Charter High School for Architecture, Engineering and the Construction Industry, respondent-appellant.

Abrams Fensterman, LLP, Lake Success, NY (Mark A. Longo of counsel), for appellant-respondent.
Freeborn & Peters, LLP, New York, NY (David A. Pellegrino and Kathryn T. Lundy of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, and the defendant cross-appeals, from stated portions of an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 7, 2019. The order, insofar as appealed from, inter alia, upon reargument, in effect, adhered to a prior determination in an order of the same court dated April 13, 2018, granting that branch of the defendant's motion which was for summary judgment dismissing the second cause of action. The order, insofar as cross-appealed from, upon reargument, adhered to a prior determination in an order of the same court dated November 21, 2018, denying that branch of the defendant's motion which was for an award of attorney's fees and costs.
ORDERED that the order dated May 7, 2019, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In June 2015, the plaintiff commenced this action against the defendant to recover damages for breach of contract and to recover under a theory of quantum meruit. The plaintiff alleged that it was entitled to recover a brokerage commission pursuant to a commercial real estate commission agreement (hereinafter the contract) that the plaintiff alleged it had entered into with the defendant in 2012. Following the completion of discovery, the plaintiff moved for summary judgment on the complaint. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint.
By order dated April 13, 2018 (hereinafter the April 2018 order), the Supreme Court denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint. Thereafter, the plaintiff moved to reargue its opposition to the defendant's cross motion for summary judgment dismissing the complaint. The defendant opposed the motion, and moved for an award of attorney's fees and costs under the contract or, alternatively, pursuant to CPLR 3025(c) for leave to amend its answer to add a demand for attorney's fees and costs under the contract. By order dated November 21, 2018 (hereinafter the November 2018 order), the court, among other things, granted the plaintiff's motion for leave to [*2]reargue its opposition to the defendant's cross motion for summary judgment dismissing the complaint and, upon reargument, in effect, vacated so much of the April 2018 order as granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover under a theory of quantum meruit and, thereupon, denied that branch of the defendant's cross motion. The court also denied the defendant's motion for an award of attorney's fees and costs under the contract or, alternatively, for leave to amend its answer to add a demand for attorney's fees and costs under the contract.
Thereafter, the defendant moved for leave to reargue its opposition to the plaintiff's motion for leave to reargue its opposition to the defendant's cross motion for summary judgment dismissing the complaint. The defendant also sought leave to reargue that branch of its motion which was for an award of attorney's fees and costs under the contract. In an order dated May 7, 2019, the Supreme Court, inter alia, granted leave to reargue and, upon reargument, in effect, adhered to the determination in the April 2018 order granting that branch of the defendant's motion which was for summary judgment dismissing the second cause of action. The court also, upon reargument, adhered to so much of the November 2018 order as denied that branch of the defendant's motion which was for an award of attorney's fees and costs under the contract. The plaintiff appeals, and the defendant cross-appeals.
"A motion for leave to reargue is addressed to the sound discretion of the motion court" (Fein v Fein, 192 AD3d 1083, 1085; see Brett v AJ Assoc., LLC, 189 AD3d 1153, 1154). "Such a motion must be 'based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion'" (Fein v Fein, 192 AD3d at 1085, quoting CPLR 2221[d][2]).
Here, the Supreme Court properly, upon reargument, in effect, adhered to the determination in the April 2018 order granting that branch of the defendant's motion which was for summary judgment dismissing the second cause of action. The defendant demonstrated that, in the November 2018 order determining the plaintiff's reargument motion, the court should have adhered to the determination in the April 2018 order granting that branch of the defendant's motion which was for summary judgment dismissing the second cause of action since the plaintiff only argued that it was entitled to reinstatement of the cause of action to recover under a theory of quantum meruit for the first time in its reply papers (see Vaughn v Veolia Transp., Inc., 117 AD3d 939, 940; Sanz v Discount Auto, 10 AD3d 395, 395). The court should not have granted relief upon reargument to the plaintiff on an issue the plaintiff advanced for the first time in its reply to which the defendant did not have an opportunity to respond (see Sanz v Discount Auto, 10 AD3d at 395).
However, contrary to the defendant's contention, upon reargument, the Supreme Court properly adhered to its prior determination in the November 2018 order denying that branch of the defendant's motion which was for an award of attorney's fees and costs under the contract. Although the defendant was the "prevailing party" pursuant to the contract (see LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154; Board of Mgrs. of 55 Walker St. Condominium v Walker St., 6 AD3d 279, 280), it failed to include even a boilerplate demand for attorney's fees and costs in its answer (see Yacono v United Mgt. Corp., 185 AD3d 985, 986; Vertical Computer Sys., Inc. v Ross Sys., Inc., 59 AD3d 205, 206). Moreover, the defendant's motion for leave to reargue did not seek reargument of that branch of its motion which was for leave to amend its answer to add a demand for attorney's fees and costs under the contract (see Hotel Carlyle Owners Corp. v Schwartz, 171 AD3d 403, 404; Matter of Kantor v Pavelchak, 134 AD2d 352, 352).
The parties' remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court