Mitchell v New York City Hous. Auth. (2024 NY Slip Op 50114(U))

[*1]

Mitchell v New York City Hous. Auth.

2024 NY Slip Op 50114(U)

Decided on February 5, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 5, 2024
Supreme Court, Kings County

Barbaranette Mitchell, Plaintiff,

against
New York City Housing Authority, Defendant.

Index No. 518730/2018

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 106-116, 117-119.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had,[FN1]

It is hereby ORDERED as follows:
Defendant New York City Housing Authority's (hereinafter "NYCHA") motion to reargue is hereby DENIED. NYCHA moves to reargue this Court's order dated and entered October 5, 2023. In said order, this Court denied NYCHA's motion for summary judgment due to issues of material fact. Specifically, this Court determined there to be an issue of fact as to whether the subject area was properly inspected prior to Plaintiff's slip-and-fall accident.
"A motion for leave to reargue must be 'based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion' (CPLR 2221[d][2])" (Central Mtge. Co. v McClelland, 119 AD3d 885 [2d Dept 2014]). Such a motion is addressed to the sound discretion of the motion court (see A.R. Conelly, Inc. v New York City Charter High Sch. for Architecture, Eng'g & the Constr. Indus., 206 AD3d 787 [2d Dept 2022]).
This Court finds that it did not overlook or misapprehend any matters of fact or law.
This Court adheres to its previous determination which denied NYCHA's motion for summary judgment as issues of material fact exist.
Primarily, NYCHA argues that the Court misapprehended the case law regarding inspection of the subject property. NYCHA takes the position that a NYCHA employee noting that a walk-through of the subject premises the day prior to Plaintiff's slip-and-fall accident is sufficient to establish that NYCHA did not have constructive notice of the defect leading to Plaintiff's accident and subsequent injuries. NYCHA points to the deposition testimony of NYCHA's witness to argue that NYCHA employees, as part of their inspection, typically enter and inspect each floor of the building before proceeding to and inspecting the roof of the building. NYCHA further points to an inspection schedule which notes that a NYCHA employee inspected the building twice the day before Plaintiff's accident. NYCHA further argues that an engineer's uncovering of a "ponding" issue on the roof does not give rise to a duty on NYCHA to inspect the property for leaks. NYCHA attempts to distinguish the case law cited by the Court, Milorava v Lord & Taylor Holdings, LLC (133 AD3d 724 [2d Dept 2015]) and Gairy v 3900 Harper Ave., LLC (146 AD3d 938 [2d Dept 2017]), by arguing that those cases dealt with the total absence of evidence of inspection of the subject location, while NYCHA here submitted evidence that a NYCHA employee walked through the building the prior day.
However, NYCHA's arguments are entirely unconvincing. The Second Department has repeatedly held in slip-and-fall accidents that failure to submit evidence of specific cleaning or inspection of the area in question and when said cleaning and inspection was performed relative to the time of the accident is fatal to any attempt to establish a lack of constructive notice (see Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037 [2d Dept 2015]; Herman v Lifeplex, LLC, 106 AD3d 1050 [2d Dept 2013]; Mahoney v AMC Entertainment, Inc., 103 AD3d 855 [2d Dept 2013]; Levine v Amverserve Ass'n, Inc., 92 AD3d 728 [2d Dept 2012]; Goodyear v Putnam/N. Westchester Bd. of Co-op. Educ. Services, 86 AD3d 551 [2d Dept 2011]; Tsekhanovskaya v Starrett City, Inc., 90 AD3d 909 [2d Dept 2011]; Mei Xiao Guo v Quong Big Realty Corp., 81 AD3d 610 [2d Dept 2011]; Birnbaum v New York Racing Ass'n, Inc., 57 AD3d 598 [2d Dept 2008]; Joachim v 1824 Church Ave., Inc., 12 AD3d 409 [2d Dept 2004]). Plaintiff alleges that Plaintiff slipped while utilizing the stairs in a NYCHA building due to a puddle in the stairwell. As noted above, NYCHA merely provides evidence that an employee purportedly walked through the building twice the day prior to the accident. Meanwhile, the deposition testimony provided by NYCHA only notes that the NYCHA employee typically inspects each floor of the building while making no reference as to whether such practices were conducted on the date of the subject incident. No evidence was provided as to whether said employee inspected or cleaned the specific area, nor whether any inspections were done on the day of Plaintiff's purported accident. Accordingly, issues of material fact persist as to whether NYCHA had constructive notice of the defect on the premises.
Thus, this Court has not misapplied or misapprehended any fact or law in its previous order and NYCHA's motion to reargue is DENIED in its entirety.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).