Milennium Dev. & Constr., LLC v Pick (2025 NY Slip Op 00853)

Milennium Dev. & Constr., LLC v Pick

2025 NY Slip Op 00853

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-04851
 (Index No. 504378/20)

[*1]Milennium Development & Construction, LLC, et al., respondents, 
v
Douglas Pick, et al., appellants.

Pick & Zabicki LLP, New York, NY (Eric C. Zabicki of counsel), appellant pro se and for appellant Douglas Pick.
William E. Betz, Garden City, NY, for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 7, 2022. The order granted the plaintiffs' motion for leave to renew and reargue (1) their opposition to the defendants' prior motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint, which had been granted in an order of the same court dated July 16, 2021, and (2) their prior cross-motion pursuant to CPLR 3012(d) for leave to file and serve a late complaint and to compel the defendants to accept service thereof, which had been denied in the order dated July 16, 2021, and upon renewal and reargument, in effect, vacated the order dated July 16, 2021, and thereupon, denied the defendants' prior motion and granted the plaintiffs' prior cross-motion.
ORDERED that the order dated June 7, 2022, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs' motion for leave to renew and reargue their opposition to the defendants' prior motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint and their prior cross-motion pursuant to CPLR 3012(d) for leave to file and serve a late complaint and to compel the defendants to accept service thereof is denied, and the order dated July 16, 2021, is reinstated.
On or around February 21, 2020, the plaintiffs commenced this legal malpractice action against the defendants by filing a summons with notice. On March 17, 2020, the defendants demanded the service of a complaint. On April 8, 2021, the defendants moved pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint. The plaintiffs opposed and cross-moved pursuant to CPLR 3012(d) for leave to file and serve a late complaint and to compel the defendants to accept service thereof. The defendants opposed the plaintiffs' cross-motion. In an order dated July 16, 2021, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross-motion.
Subsequently, the plaintiffs moved for leave to renew and reargue their opposition to the defendants' prior motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint and their prior cross-motion pursuant to CPLR 3012(d) for leave to file and serve a late complaint and to compel the defendants to accept service thereof. The defendants opposed. In an order dated June 7, 2022, the Supreme Court granted the plaintiffs' motion and, upon renewal [*2]and reargument, in effect, vacated the July 16, 2021 order, denied the defendants' prior motion, and granted the plaintiffs' prior cross-motion. The defendants appeal.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and must "contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d 852, 853; JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776, 777). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance (see HSBC Bank USA, N.A. v Shahid, 189 AD3d 1008, 1010; JPMorgan Chase Bank, N.A. v Novis, 157 AD3d at 777; Hernandez v Nwaishienyi, 148 AD3d 684, 687). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see Hernandez v Nwaishienyi, 148 AD3d at 687). Moreover, "[l]eave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion" (Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d at 853 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Galloway, 214 AD3d 625, 626).
Here, the Supreme Court should have denied that branch of the plaintiffs' motion which was for leave to renew. In addition to submitting the same facts, albeit with some elaboration and in slightly greater detail, that they had submitted in opposition to the underlying motion and on the underlying cross-motion, the plaintiffs presented certain new facts, which were known to them prior to the date on which they opposed the defendants' prior motion and filed their prior cross-motion. Yet, the plaintiffs failed to set forth a reasonable justification for failing to present the new facts in connection with the underlying motion and cross-motion. Thus, the court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to renew (see Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d at 853; JP Morgan Chase Bank, N.A. v Novis, 157 AD3d at 777).
The Supreme Court also improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to reargue. "A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (Sokolnik v Voronova, 221 AD3d 1036, 1036 [internal quotation marks omitted]; see CPLR 2221[d][2]; JPMorgan Chase Bank, N.A. v Novis, 157 AD3d at 778). Here, the plaintiffs acknowledged that the court, in the July 16, 2021 order, did not overlook or misapprehend relevant facts or misapply the law in granting the defendants' prior motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint and denying the plaintiffs' prior cross-motion pursuant to CPLR 3012(d) for leave to file and serve a late complaint and to compel the defendants to accept service thereof, thus requiring the denial of that branch of the plaintiffs' motion which was for leave to reargue (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773; cf. Fein v Fein, 192 AD3d 1083, 1085).
In light of our determination, we need not consider the defendants' remaining contentions.
Accordingly, we reverse the order granting the plaintiffs' motion for leave to renew and reargue their opposition to the defendants' prior motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint and their prior cross-motion pursuant to CPLR 3012(d) for leave to file and serve a late complaint and to compel the defendants to accept service thereof, deny the plaintiffs' motion, and reinstate the order dated July 16, 2021.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court