Reverse Mtge. Funding, LLC v King (2025 NY Slip Op 05269)

Reverse Mtge. Funding, LLC v King

2025 NY Slip Op 05269

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-04275
 (Index No. 606833/17)

[*1]Reverse Mortgage Funding, LLC, respondent,
v
Michael C. King, etc., appellant, et al., defendants.

Christopher Thompson, Islip, NY, for appellant.
Aldridge Pite, LLP, Patchogue, NY (Christopher E. Medina of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael C. King appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated December 12, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to renew and reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael C. King and dismissing that defendant's twelfth affirmative defense and for an order of reference, which had been denied in an order of the same court dated June 15, 2023, and, upon renewal and reargument, vacated so much of the order dated June 15, 2023, as denied those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion.
ORDERED that the order dated December 12, 2023, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were for leave to renew and reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael C. King and dismissing that defendant's twelfth affirmative defense and for an order of reference are denied, and so much of the order dated June 15, 2023, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant and dismissing that defendant's twelfth affirmative defense and for an order of reference is reinstated.
In 2010, Conrad King (hereinafter the borrower) executed a fixed-rate home equity conversion note and a fixed-rate home equity conversion mortgage, which was a reverse mortgage, encumbering certain real property located in West Babylon. In 2017, after the death of the borrower, the plaintiff commenced this action to foreclose the reverse mortgage against, among others, the defendant Michael C. King, the administrator of the borrower's estate (hereinafter the defendant). The defendant interposed an answer, asserting, as his twelfth affirmative defense, that the plaintiff lacked standing.
The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's twelfth affirmative defense and for an order of reference. In support of its motion, the plaintiff relied upon an affidavit from Brandy Diaz, an employee of Compu-Link Corporation, doing business as Celink (hereinafter [*2]Celink), the alleged attorney-in-fact to the plaintiff's purported successor and assignee. In an order dated June 15, 2023, the Supreme Court, among other things, denied those branches of the motion, concluding that the plaintiff had failed to meet its prima facie burden on those branches of its motion because Diaz's affidavit lacked a proper foundation for the business records upon which she had relied.
The plaintiff then moved, inter alia, for leave to renew and reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's twelfth affirmative defense and for an order of reference, submitting in support, a new affidavit from a different Celink employee, i.e., Desiree Scavo. In an order dated December 12, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for leave to renew and reargue and, upon renewal and reargument, vacated so much of the order dated June 15, 2023, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's twelfth affirmative defense and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion. The defendant appeals from the order dated December 12, 2023.
"A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (Milennium Dev. & Constr., LLC v Pick, 235 AD3d 737, 739 [internal quotation marks omitted]; see CPLR 2221[d][2]). To the extent that the Supreme Court granted that branch of the plaintiff's motion which was for leave to reargue, the court improvidently exercised its discretion, since the plaintiff failed to show that the court had overlooked or misapprehended the relevant facts or misapplied any controlling principle of law and, instead, based its motion on facts not offered on the prior motion (see Milennium Dev. & Constr., LLC v Pick, 235 AD3d at 739).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and must "contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (Milennium Dev. & Constr., LLC v Pick, 235 AD3d at 738; see HSBC Bank USA, N.A. v Shahid, 189 AD3d 1008, 1010).
Under the circumstances of this case, the plaintiff, which did not offer any explanation for the defects in its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant (cf. Defina v Daniel, 140 AD3d 825, 826), did not establish reasonable justification for the failure to present the newly-proffered facts on its prior motion (see Foo-Lu Co. v Rojas, 160 AD3d 932, 934; see also HSBC Bank USA, N.A. v Joseph, 238 AD3d 1009, 1011; Wells Fargo Bank, N.A. v Gittens, 217 AD3d 901, 902-903). Further, the plaintiff's argument that sufficient cause existed to warrant entertaining a second summary judgment motion is improperly raised for the first time on appeal and, thus, not properly before this Court (see Sisalima v Thorne Constr., Inc., 237 AD3d 1126, 1128).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to renew and reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's twelfth affirmative defense and for an order of reference.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court